UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA GARCIA,**

    **Plaintiff,**

vs.                                                                                Case No.: 8:05-cv-39-T-MSS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for disability insurance benefits and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.     Background**

    **A.     Procedural History**

Plaintiff protectively filed an application for disability insurance benefits and supplemental security income on September 5, 2001, alleging an onset of disability

on April 3, 1999, due to musculoskeletal problems with back and right knee pain, hypercholesterolemia, gastric problems, as well as psychological and emotional difficulties.  (T. 46, 104; Pl. Br. at 3).  Her application was denied initially and upon reconsideration.  Plaintiff requested a hearing, which was held on February 10, 2003.  (T. 371-97).  During the ALJ hearing, Plaintiff chose to proceed without a representative. (T. 254-66).  In a decision dated May 23, 2003, the ALJ denied Plaintiff's claims for benefits.  (T. 12-20).  The Appeals Council denied review of the decision on December 21, 2004.  (T. 2-5).  This action for judicial review ensued.

### B. Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision.  By way of summary, Plaintiff complained of musculoskeletal problems with back and right knee pain, hypercholesterolemia, gastric problems, as well as psychological and emotional difficulties.  (Pl. Br. at 3).

At the ALJ hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians.  After considering the evidence, the ALJ found that although Plaintiff suffered from severe impairments, she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (T. 20, Findings Nos. 3 and 4).

The ALJ found the Plaintiff's allegations not to be totally credible  (T. 20, Finding No. 5). The ALJ determined Plaintiff retained the residual functional capacity ("RFC") for unrestricted light work.  (T. 20, Finding No. 7).  The ALJ therefore concluded Plaintiff was not disabled under the Act.

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing because (1) the ALJ improperly applied the pain standard and failed to consider Plaintiff's subjective complaints of pain and impairments in combination and (2) the ALJ erred in concluding that Plaintiff was able to perform her past relevant work as a cashier or clerical worker.

Having reviewed the record and having considered each point of error alleged, and for the reasons that follow, the Court finds that Plaintiff's contentions are without merit and that the decision of the Commissioner should be **AFFIRMED**.

## II.     Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir.

1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

## III. Discussion

### A. Whether the ALJ improperly applied the pain standard and failed to consider Plaintiff's subjective complaints of pain and impairments in combination.

Plaintiff first contends that the ALJ improperly applied the pain standard and failed to consider the combined effect of her impairments and subjective complaints in his determination that she could perform light work. (Pl. Br. at pp.2 and 6). The Commissioner responds that the ALJ did utilize the proper pain standard and properly considered the relevant evidence in assessing the credibility of Plaintiff's allegations of disabling pain. (Comm. Br. at 4).

The law on these points is well established. If a claimant has alleged several impairments, the ALJ must consider the impairments in combination and determine whether their combined effect renders the claimant disabled. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991) (citing Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (citation omitted)). However, the ALJ meets this standard by specifically finding "the claimant not to suffer any impairment, or combination of impairments" sufficiently severe to prevent participation in substantial gainful activity. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

Here, after considering Plaintiff's impairments, the ALJ expressly found that Plaintiff did not meet or equal any of the listings either separately or cumulatively. (T.20, Finding No. 3). Further, the ALJ determined Plaintiff's RFC only after "reviewing all of the evidence of record" (T. 19), as well as providing an overview of Plaintiff's activities of daily life and her medical evidence. (T. 17-18).

Plaintiff's activities of daily life undermine her credibility as to her subjective complaints of disabling pain. As a preliminary matter, it must be noted that Plaintiff stopped working to care for her mother, not because she suffered from disabling physical or mental impairment. (T. 17, 93, 259). In addition to caring for her mother, Plaintiff stated that she washes clothes, cooks meals, cleans the house, drives and shops. (T. 17, 93, 258, 260, 261-62, 265). As the Commissioner states,"Plaintiff's activities are not indicative of the disabling pain and other symptoms she alleged."

With regard to Plaintiff's subjective complaints, the standard for evaluating subjective evidence of pain in disability cases requires the ALJ to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition and (b) either (1) objective medical evidence to confirm the severity of the alleged pain or (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Mason v. Bowen, 791 F.2d 1460, 1462 (11th Cir. 1986) (emphasis added). This standard also applies to other subjective complaints. Holt v. Sullivan, 921 F.2d 1221 (11th Cir. 1991).

Under the alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition that can reasonably be

5

expected to produce the symptoms of which Plaintiff complains is itself sufficient to sustain a finding of disability. This prong requires the ALJ to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected. Sewell v. Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Further, the articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Failure to articulate reasons for rejecting a claimant's testimony requires the testimony be accepted as true as a matter of law. Foote, 67 F.3d at 1562. The same is true if the articulated reasons for discrediting the testimony are not supported by substantial evidence. Hale, 831 F.2d at 1012.

In reviewing the ALJ's decision, the Court must first determine, as a matter of law, whether the ALJ applied the correct legal standard in evaluating Plaintiff's complaints of pain and other subjective symptoms. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). If the Court finds that the ALJ applied the correct legal standard, the Court must determine whether the ALJ's finding that a claimant does not meet the Mason pain standard is supported by substantial evidence. See id. The Court may not disturb the ALJ's credibility finding if it is clearly articulated and supported by substantial evidence. See Foote, 67 F.3d at 1562.

In this case, the ALJ did conduct the proper pain analysis. The ALJ specifically stated in his opinion that "[t]he undersigned finds that the [Plaintiff's]

6

complaints of pain of a disabling degree not supported by the evidence of record." (T. 19). In addition, the ALJ also stated that Plaintiff "was not prescribed strong pain medication nor has she undergone pain therapy or visited pain clinics. Also the MRI reports of her cervical, lumbar or knee area fail to show a severe condition." (T.19). This analysis by the ALJ is consistent with 20 CFR § 404.1529(c)(3), which requires the ALJ to consider such factors as Plaintiff's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications to alleviate pain or other symptoms; treatment other than medication for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions due to pain or other symptoms.

Applying 20 CFR § 404.1529(c)(3), the ALJ concluded that Plaintiff's allegations regarding her limitations were "not totally credible for the reasons set forth in the body of the decision." (T. at 20, Finding No. 5). The record reveals that the ALJ evaluated Plaintiff's subjective complaints of pain against the evidence presented to reach his determination. (T. 17-18). Specifically, the ALJ reviewed the medical findings from Suncoast Community Health Center (Ex. 1F); Dr. Chet J. Janecki (Ex. 12F); Dr. Gustavo A. Barrazueta (Exs. 3F an AC-2); Dr. Jairo O. Parada, M.D. (Ex. 5F). In his review, the ALJ called attention to the pertinent findings of these doctors. Specifically, the ALJ noted that Dr. Barrazueta found that Plaintiff's knee exhibited no signs of swelling and minimal tenderness and Plaintiff was advised to continue her medication. (T. 17-18). The ALJ also noted that Dr.

7

Parada found Plaintiff's upper extremities and Plaintiff's electromyograph of the neck and upper extremities to be normal. (T. 18). In addition, the ALJ noted that the medical evidence of record included two RFC assessments submitted by State Agency medical physicians (Exs. 2 and 6F). The first State Agency RFC assessment from Dr. Caroline L. Moore concluded that although Plaintiff had credible knee pain, her examination revealed little, if any, joint pathology and her back and neck pain did not exhibit radiculopathy or neuropathy. (T. 142). The second State Agency RFC assessment from Dr. Ronald S. Kline concluded that Plaintiff's "allegations far exceed objective findings and are of questionable credibility." (T. 177).

The ALJ also provided an overview of the treatment that Plaintiff received for her alleged mental impairment. Specifically, the ALJ discussed the findings of Dr. Peter M. Bursten, a licensed clinical psychologist, and the findings of the consultative State Agency psychiatrist. (T.18, referencing Exs. 7 and 8F).

The ALJ noted that Dr. Bursten found that Plaintiff had non-specific quality of adjustment related concerns and that supportive counseling and/or pain management services might prove useful. (T. 18, referencing T. 181). The ALJ also noted that Plaintiff was not taking any psychiatric medication and reported no previous mental health exams or psychiatric treatment history. (T. 18). Further the ALJ found that a consultative psychological examination by Peter Bursten, Ph.D. was essentially normal, noting specifically that during the mental status examination, Plaintiff reported no mental or psychiatric history, was not taking any type of psychiatric medication and there was "no evidence or reports concerning underlying

thought disorder or related psychotic-like symptomatology." (T. 18).  Dr. Bursten's analysis was bolstered by the findings of the State Agency psychiatrist who noted that Plaintiff's non-specific adjustment disorder was not severe because it caused no functional limitations in daily living, social functioning or concentration. (T. 18, referencing T. 195).

These normal and unremarkable medical findings, supported by the findings of the State Agency physicians, as well as Plaintiff's activities of daily life, constitute substantial record evidence to support the ALJ's conclusion that Plaintiff's complaints of disabling pain were not supported by the record.

Accordingly, the Undersigned finds that the ALJ properly applied the Eleventh Circuit pain standard and considered the combined effect of Plaintiff's impairments and subjective complaints, and his findings are supported by substantial evidence.

**B.  Whether the ALJ erred in finding that Plaintiff could return to past relevant work as a cashier or clerical worker.**

Plaintiff's final contention is that the ALJ erred in finding that Plaintiff could perform her past relevant work as a cashier or clerical worker.  Specifically, Plaintiff contends that because the ALJ failed to "fully and adequately consider the Plaintiff's pain complaints, there was a failure to consider the full combination of the Plaintiff's complaints in the determination that the Plaintiff could return to past work activity. Without such consideration of all of the Plaintiff's impairments, it is impossible to determine that this person could, or could not, return to past, or undertake any, work activity."  (Pl. Br. at 8). Further, Plaintiff claims that there was insufficient

development of Plaintiff's past work to determine whether Plaintiff retained the RFC to perform her past work. (Comm. Br. at 9).

As stated above, the ALJ fully and adequately considered Plaintiff's subjective complaints and the full combination of Plaintiff's complaints in determining that Plaintiff could return to her past relevant work.

The ALJ found that Plaintiff possessed the RFC to perform a full range of light work. As the ALJ wrote in his opinion:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, the job is in the category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities. If someone can do light work, we determine that she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods.
>
> ***
>
> The [Plaintiff's] prior work as a cashier or clerical worker were described by the [Plaintiff] as sedentary to light in exertion. Accordingly, Plaintiff can return to her prior jobs.

(T. 19).

Plaintiff's counsel claims that the ALJ mis-characterized Plaintiff's testimony and written submissions when he stated that Plaintiff described her past work as sedentary to light in exertion. Specifically, Plaintiff's counsel states that when Plaintiff worked as a cashier, Plaintiff asserted that she needed to be able lift between ten to thirty pounds. (Pl. Br. at 10, citing to T. 64, 71). When Plaintiff was

10

a clerical worker, her counsel claims that she was required to lift sometimes fifty pounds. (Pl. Br. at 10).  Plaintiff's counsel concludes based on this that "[c]ertainly, the testimony of the Plaintiff at the hearing does not show that the Plaintiff's past work as a cashier or as a clerical worker was sedentary to light . . . ." (Pl. Br. at 10).

The Commissioner responds that Plaintiff submitted contradictory reports as to the lifting requirements of her clerical job.  Specifically, the Commissioner states that when Plaintiff applied for benefits in September 2001, she wrote that her job as a clerical worker required her to lift no more than ten pounds. (Comm. Br. at 12, citing to T. 77-78).  After she was initially denied benefits, Plaintiff submitted information on reconsideration that her clerical work required her to lift up to fifty pounds. (Comm. Br. at 12, citing to T. 69-70).  In addition, the Commissioner also notes that Plaintiff testified that her clerical job was mostly "a sitting job." (Comm. Br. at 12, citing to T. 260-61).

During the ALJ hearing, Plaintiff did testify that her clerical job was mostly a sitting job. (T. 260-61). Given Plaintiff's initial report that her clerical job only required her to lift at most ten pounds, the ALJ properly concluded that Plaintiff could perform her past relevant work as a clerical worker.

Regarding Plaintiff's job as a cashier, the fact that Plaintiff claimed that she occasionally had to lift thirty pounds is not significant in this case.  According to the Dictionary of Occupational Titles, an acceptable source for determining the demands of a job as it is generally performed in the national economy, the job of cashier is classified as "light."  In this case, the ALJ determined that Plaintiff could perform her

11

past work as a cashier, as generally performed, because Plaintiff's past work as cashier did not require the performance of work-related activities precluded by her [RFC]." (T. 20).

### IV. CONCLUSION

For the reasons cited above, the Undersigned **ORDERS** that the decision of the Commissioner is **AFFIRMED**. The Clerk is directed to **ENTER** judgment in favor of the Defendant and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on this 21st day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge